**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| LONE STAR TECHNOLOGICAL INNOVATIONS, LLC, | § § § | |
| | § | Civil Action No. 6:15-cv-00972 |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| SHARP ELECTRONICS CORPORATION, | § § | |
| | § | |
| Defendant. | § | |
| | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Lone Star Technological Innovations, LLC ("Lone Star" or "Plaintiff"), by and through its attorneys, for its Complaint against Sharp Electronics Corporation ("Sharp" or "Defendant"), hereby alleges as follows:

## I.      NATURE OF THE ACTION

1.      This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Plaintiff's patented inventions.

2.      Lone Star is owner of all right, title, and interest in and to United States Patent No. 6,724,435 (the "'435 Patent"), issued April 20, 2004, for "Method For Independently Controlling Hue or Saturation of Individual Colors in a Real Time Digital Video Image."  A true and correct copy of the '435 Patent is attached hereto as Exhibit A.

3.      Lone Star is owner of all right, title, and interest in and to United States Patent No. 6,122,012 (the "'012 Patent"), issued September 19, 2000, for "Method of Selective Control

of Digital Video Images."  A true and correct copy of the '012 Patent is attached hereto as Exhibit B.

4.       Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes infringing products and services; and/or induces others to make and use its products and services in an infringing manner, including its customers, who directly infringe the '435 Patent and the '012 Patent ("Patents-in-Suit").

5.       Plaintiff Lone Star seeks monetary damages and prejudgment interest for Defendant's past infringement of the Patents-in-Suit.

## II.       THE PARTIES

6.       Plaintiff Lone Star is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.       Upon information and belief, Defendant is a New York corporation with its principal place of business located at 1 International Boulevard, Mahwah, NJ 07495.  Upon information and belief, Defendant is authorized to do business in Texas and has appointed CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 as its agent for service of process.

## III.       JURISDICTION AND VENUE

8.       This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

9.       This Court has personal jurisdiction over Defendant because it has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of

jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice because Defendant has established minimum contacts with the forum.  For example, Defendant has committed acts of infringement in this District, by among others things, offering to sell and selling products that infringe the asserted patents, including the accused devices as alleged herein.

10.    Venue in the Eastern District of Texas is proper pursuant to 28 U.S.C. §§ 139l (b), (c) and l400(b) because Defendant has committed acts within this judicial district giving rise to this action, and Defendant continues to conduct business in this judicial district, including one or more acts of selling, using, importing and/or offering for sale infringing products or providing service and support to Defendant's customers in this District.

## IV.    PLAINTIFF'S '435 PATENT AND '012 PATENT

11.    The Patents-in-Suit disclose systems and methods for controlling individual color saturation and/or hue of a digital video input image.  The '435 Patent discloses independently controlling hue or saturation of individual colors by identifying input image pixels requiring adjustment and separately evaluating independent control functions for hue or saturation to form corresponding output image pixels with the desired hue or saturation.  The '012 Patent teaches a method of changing the saturation of an individual color in a digital video image without affecting changes to other colors using a lookup table.

12.    Lone Star has obtained all substantial right and interest to the Patents-in-Suit, including all rights to recover for all past and future infringements thereof.

## VI.    DEFENDANT'S ACTS

13.    Defendant manufactures, provides, sells, offers for sale, and/or distributes infringing devices, including projectors and monitor and/or video displays.  Such devices

include, but are not limited to Sharp's 's "Aquos" display product line (*e.g.* LC70EQ30U) , PN-V551, and all other substantially similar products.

14.     Based on information and belief, Sharp's infringing devices contain hardware components (*e.g.* the display screen/output image, an internal processor and OSD (on-screen display)) and software components (*e.g.* firmware instructions) which specifically provide the ability to change the hue and/or saturation of an individual color in the output image.

15.     Defendant has had knowledge of the Patents-in-Suit at least as early as approximately November 3, 2015, when Defendant was sent written pre-suit notice of Plaintiff's rights in the Patent-in-Suit.  Thus, upon information and belief, Sharp has had notice and actual or constructive knowledge of the Patents-in-Suit at least since then.  Additionally, Defendant has had knowledge of the Patents-in-Suit at least as early as the service of this Complaint.

16.     With knowledge of the Patents-in-Suit, Defendant intentionally provides services and instructions for the installation and infringing operation of infringing products (including, by way of example, the resources and materials available at https://www.sharpusa.com/Support.aspx) to the customers of its products, who directly infringe through the operation of those products.

17.     Through its actions, Defendant has infringed the Patents-in-Suit and actively promoted others to infringe the Patents-in-Suit throughout the United States, including by customers within the Eastern District of Texas.  On information and belief, Defendant induces its customers to infringe and contribute to the infringement of its customers by instructing or specifying that its customers operate Sharp computer monitors, projectors, and televisions in a manner to change the saturation and/or hue of individual colors through, for example, the product's OSD (on-screen display).  Defendant specifies that the infringing products operate in

an infringing manner by providing manuals and customer support related to its infringing products.

18.     Defendant, with knowledge of the Patents-in-Suit, contributes to the infringement of the Patents-in-Suit, by having its direct and indirect customers sell, offer for sale, use, or import its computer monitors, projectors, and televisions, including but not limited to the Aquos display product line (*e.g.* LC70EQ30U), PN-V551 display, and all other substantially similar products, with knowledge that such products infringe the Patents-in-Suit.  Defendant's accused devices are especially made or adapted for infringing the Patents-in-Suit, and have no substantially non-infringing uses.  For example, Defendant's products contain the functionality to specifically allow changes to the hue and/or saturation of an individual color – functionality which is material to practicing the Patents-in-Suit.  Based on information and belief, this functionality has no substantially non-infringing uses.

19.     Lone Star has been and will continue to suffer damages as a result of Defendant's infringing acts.

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO.  6,724,435

20.     Plaintiff Lone Star realleges and incorporates herein paragraphs 1–19.

21.     Defendant has directly infringed the '435 Patent.

22.     Defendant has indirectly infringed the '435 Patent by inducing the infringement of the '435 Patent and contributing to the infringement of the '435 Patent.

23.     Upon information and belief, Defendant has jointly infringed the '435 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

24.     Defendant's aforementioned acts have caused damage to Lone Star and will

ORIGINAL COMPLAINT

continue to do so.

## COUNT TWO
## PATENT INFRINGEMENT—U.S. PATENT NO.  6,122,012

25.     Plaintiff Lone Star realleges and incorporates herein paragraphs 1–24.

26.     Defendant has infringed the '012 Patent.

27.     Defendant has indirectly infringed the '012 Patent by inducing the infringement of the '012 Patent and contributing to the infringement of the '012 Patent.

28.     Upon information and belief, Defendant has jointly infringed the '012 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

29.     Defendant's aforementioned acts have caused damage to Lone Star and will continue to do so.

## VII.    JURY DEMAND

30.     Plaintiff Lone Star hereby demands a jury on all issues so triable.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff Lone Star respectfully requests that the Court:

A.      Enter judgment that Defendant infringes one or more claims of the '435 Patent and the '012 Patent literally and/or under the doctrine of equivalents;

B.      Award Plaintiff Lone Star past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the '435 Patent and the '012 Patent in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

ORIGINAL COMPLAINT

      C.      Declare this case exceptional pursuant to 35 U.S.C. §285; and

      D.      Award Plaintiff Lone Star its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Respectfully submitted,

Dated:  November 10, 2015

*/s/ John D. Saba*
John D. Saba Jr.
Texas State Bar No. 15540325
jsaba@dpelaw.com
Adam G. Price
Texas State Bar No. 24027750
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 North MoPac Expressway
Suite 350
Austin, Texas  78731
(512) 539-2626 (phone)
(512) 539-2627 (fax)

John Lee (admitted to E.D. Texas)
California State Bar No. 229911
**Banie & Ishimoto LLP**
3705 Haven Ave. #137
Menlo Park, CA 94025
(650) 241-2771
(650) 241-2770 (Fax)
jlee@banishlaw.com

**ATTORNEYS FOR PLAINTIFF
LONE STAR TECHNOLOGICAL
INNOVATIONS, LLC**

ORIGINAL COMPLAINT