**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| LONE STAR TECHNOLOGICAL INNOVATIONS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>SHARP ELECTRONICS CORPORATION,<br><br>  Defendant. | Civil Action No. 6:15-cv-00972 (JRG-JDL)<br><br>**JURY TRIAL DEMANDED** |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF
<u>DEFENDANT SHARP ELECTRONICS CORPORATION</u>**

Defendant SHARP ELECTRONICS CORPORATION ("SEC" or "Defendant") hereby submits its answer and defenses to Plaintiff LONE STAR TECHNOLOGICAL INNOVATIONS, LLC's ("Lone Star" or "Plaintiff") Complaint for Patent Infringement ("Complaint"), stating as follows.

## I.   NATURE OF THE ACTION

1.  SEC admits that this is a patent infringement action.  SEC denies that it has engaged in any unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Plaintiff's patented inventions.  SEC denies all remaining allegations in paragraph 1.

2.  SEC admits that attached Exhibit A is the referenced patent.  Otherwise, SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, as such, denies the same.

3.  SEC admits that attached Exhibit B is the referenced patent.  Otherwise, SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 3 of the Complaint and, as such, denies the same.

4. SEC denies the allegations in paragraph 4 of the Complaint.

5. SEC admits that Plaintiff seeks monetary damages and prejudgment interest. SEC denies any infringement of the Patents-in-Suit, including past infringement. SEC denies all remaining allegations in paragraph 5.

## II. THE PARTIES

6. SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, as such, denies the same.

7. SEC admits that SEC is authorized to do business in Texas and has appointed CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 as its agent for service of process. SEC admits that SEC is a New York Corporation. SEC denies all remaining allegations in paragraph 7.

## III. JURISDICTION AND VENUE

8. SEC admits that this is an action for patent infringement which arises under the Patent Laws of the United States and that this Court has jurisdiction over the subject matter under the sections cited. SEC denies all remaining allegations in paragraph 8.

9. SEC admits that it is subject to personal jurisdiction in this District, but denies that it has committed acts of infringement in this District. SEC denies all remaining allegations in paragraph 9.

10. SEC admits that venue in this District is proper, but denies that venue is convenient in this District. SEC admits that it has conducted and continues to conduct business in this District, but denies that it has committed, induced, or contributed to acts of patent infringement in this District or elsewhere. SEC denies the remaining allegations in paragraph 10.

### IV. PLAINTIFF'S '435 PATENT AND '012 PATENT

11. The text of the two asserted patents speaks for itself and reference is made to the patents for the contents thereof. SEC denies the remaining allegations in paragraph 11 of the Complaint.

12. SEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and, as such, denies the same.

### VI. [SIC] DEFENDANT'S ACTS

13. SEC denies that it manufactures, provides, sells, offers for sale, and/or distributes any "infringing devices" to the extent "infringing devices" means devices that infringe any claim of the Patents-in-Suit.

14. SEC denies that it has "infringing devices" to the extent "infringing devices" means devices that infringe any claim of the Patents-in-Suit.

15. Admitted.

16. SEC denies the allegations in Paragraph 16.

17. SEC denies the allegations in Paragraph 17.

18. SEC denies the allegations in paragraph 18.

19. SEC denies the allegations in Paragraph 19.

### COUNT ONE

### PATENT INFRINGEMENT – U.S. PATENT NO. 6,724,435

20. SEC realleges and incorporates herein paragraphs 1-19 above.

21. SEC denies the allegations in Paragraph 21.

22. SEC denies the allegations in Paragraph 22.

23. SEC denies the allegations in Paragraph 23.

24. SEC denies the allegations in Paragraph 24.

## COUNT TWO

### PATENT INFRINGEMENT – U.S. PATENT NO. 6,122,012

25. SEC realleges and incorporates herein paragraphs 1-24 above.

26. SEC denies the allegations in Paragraph 26.

27. SEC denies the allegations in Paragraph 27.

28. SEC denies the allegations in Paragraph 28.

29. SEC denies the allegations in Paragraph 29.

### DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, SEC denies any remaining allegations in Plaintiff's Complaint.

### RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF

SEC denies that Plaintiff is entitled to any of the relief requested in paragraphs A-D of Plaintiff's Request for Relief or to any relief in any form whatsoever from SEC. Plaintiff's request should, therefore, be denied in its entirety and with prejudice. Plaintiff should take nothing from SEC, and SEC should be awarded its costs.

### AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, SEC asserts the following affirmative and other defenses. SEC's investigation of its defenses is continuing, and SEC reserves all rights to allege additional defenses that may now exist or become known through the course of discovery or further investigation in this case.

## FIRST DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (No Infringement)

SEC does not infringe and has not infringed—not directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, nor in any other manner—any valid and enforceable claims of the Patents-in-Suit.

## THIRD DEFENSE

### (Invalidity)

The claims of the Patents-in-Suit are invalid because one or more claims fail to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH DEFENSE

### (No Standing)

Plaintiff lacks good title to one or more of the Patents-in-Suit and/or lacks standing to sue on same.

## FIFTH DEFENSE

### (Laches, Estoppel, Waiver and Acquiescence)

Plaintiff's claims for relief are barred in whole or in part by the equitable doctrines of laches, waiver, acquiescence and/or unclean hands.

## SIXTH DEFENSE

### (Limitation on Damages)

Plaintiff's claim for damages, if any, against SEC for alleged infringement of the

Patents-in-Suit is limited in whole or in part by 35 U.S.C. § 286.

## SEVENTH DEFENSE

### (No Notice)

To the extent that Plaintiff asserts that SEC indirectly infringes, either by contributory infringement or inducement of infringement, SEC cannot be liable to Plaintiff for the acts alleged to have been performed before SEC had knowledge that its actions would cause infringement.

## EIGHTH DEFENSE

### (Limitation on Damages)

To the extent that Plaintiff, licensees of the Patents-in-Suit, and/or any alleged predecessors-in-interest in the Patents-in-Suit failed to properly mark relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that SEC's actions allegedly infringed the Patents-in-Suit, SEC is not liable to Plaintiff for the acts alleged to have been performed before SEC received actual notice that it was allegedly infringing the Patents-in-Suit.

## NINTH DEFENSE

### (Limitation on Damages)

Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## TENTH DEFENSE

### (No Injunctive Relief)

Plaintiff's remedies at law are adequate, such that equitable relief would be inappropriate for any determined infringement of the Patents-in-Suit.

## ELEVENTH DEFENSE

### (Prosecution History Estoppel)

Plaintiff is estopped by reason of prosecution history estoppel from asserting infringement of the Patents-in-Suit under the doctrine of equivalents.

## TWELFTH DEFENSE

SEC reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIM

For its counterclaim against Lone Star, SEC alleges as follows:

## PARTIES

1.     SEC is a New York Corporation with its principal place of business at 1 Sharp Plaza, Mahwah, NJ 07495.

2.     Upon information and belief, Lone Star is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.  This Court has personal jurisdiction over Lone Star and venue is proper in this Court because this is the Court in which Lone Star instituted this action. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## FIRST COUNTERCLAIM

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,724,435

5.  SEC incorporates by reference each and every allegation contained in the preceding paragraphs.

6.  In its Complaint, Lone Star alleges that SEC infringes the U.S. Patent No. 6,724,435 ("the '435 Patent"). SEC has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '435 Patent, either literally or under the doctrine of equivalents.

7.  An actual and justiciable controversy requiring declaratory relief exists between Lone Star and SEC as evidenced by Lone Star's filing of the Complaint alleging infringement of the '435 Patent by SEC.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,724,435)

8.  SEC incorporates by reference each and every allegation contained in the preceding paragraphs.

9.  By its allegations of infringement, Lone Star has asserted that the '435 Patent is valid.

10. The claims of the '435 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

11. An actual and justiciable controversy requiring declaratory relief exists between Lone Star and SEC as evidenced by Lone Star's filing of the Complaint alleging infringement of the '435 Patent by SEC.

### THIRD COUNTERCLAIM

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,122,012

12. SEC incorporates by reference each and every allegation contained in the preceding paragraphs.

13. In its Complaint, Lone Star alleges that SEC infringes the U.S. Patent No. 6,122,012 ("the '012 Patent"). SEC has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '012 Patent, either literally or under the doctrine of equivalents.

14. An actual and justiciable controversy requiring declaratory relief exists between Lone Star and SEC as evidenced by Lone Star's filing of the Complaint alleging infringement of the '012 Patent by SEC.

### FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,122,012)

15. SEC incorporates by reference each and every allegation contained in the preceding paragraphs.

16. By its allegations of infringement, Lone Star has asserted that the '012 Patent is valid.

17. The claims of the '012 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

An actual and justiciable controversy requiring declaratory relief exists between Lone Star and SEC as evidenced by Lone Star's filing of the Complaint alleging infringement of the '012 Patent by SEC.

## PRAYER FOR RELIEF

WHEREFORE, SEC prays for an order entering judgment as follows:

A.   Denying all claims for relief set forth in the Complaint and entering judgment in favor of SEC and against Lone Star on all claims;

B.   Declaring that SEC has not infringed and is not infringing directly, or indirectly by way of inducing or contributing to infringement of any valid and/or enforceable claim of the '435 Patent;

C.   Declaring each claim of the '435 Patent to be invalid;

D.   Declaring that SEC has not infringed and is not infringing directly, or indirectly by way of inducing or contributing to infringement of any valid and/or enforceable claim of the '012 Patent;

E.   Declaring each claim of the '012 Patent to be invalid;

F.   Declaring that this case is exceptional pursuant to 35 U.S.C. § 285;

G.   Awarding SEC its attorneys' fees and costs in this matter;

H.   Awarding such other and further relief as the Court deems proper and just.

## JURY TRIAL DEMANDED

SEC hereby demands a trial by jury on all issues so triable.

Dated: March 7, 2016               Respectfully Submitted,

By:*/s/ Robert Christopher Bunt*

PARKER, BUNT & AINSWORTH, P.C.
Robert Christopher Bunt
rcbunt@pbatyler.com
State Bar No. 00787165
100 E. Ferguson, Suite 1114
Tyler Texas 75702
Telephone:     (903) 531-3535
Facsimile:     (903) 533-9687


KILPATRICK TOWNSEND &
STOCKTON LLP
David E. Sipiora
dsipiora@kilpatricktownsend.com
Matthew C. Holohan
mholohan@kilpatricktownsend.com
1400 Wewatta Street, Suite 600
Denver, CO, 80202
Telephone: (303) 571-4000
Facsimile: (303) 571- 4321

**COUNSEL FOR DEFENDANT
SHARP ELECTRONICS
CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service were served with a copy of this document under this Court's CM/ECF system and local rules on this 7st day of March, 2016.

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt